UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV AND SREAM, INC., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3835 |
| | § | |
| AKS1 ENTERPRISE, INC. AND | § | |
| SAIMA KARIM SHAIKH, | § | |
| | § | |
| *Defendants*. | § | |

**DEFAULT JUDGMENT**

Pending before the court is a motion for default judgment against defendant AKS1 Enterprise, Inc. ("AKS1") and Saima Karim Shaikh (collectively, "Defendants"). Dkt. 10. AKS1 and Shaikh have not responded to the motion. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

This is a trademark infringement case. Roor International BV ("Roor") and Sream, Inc. ("Sream") (collectively, "Plaintiffs") are suing Defendants for trademark infringement and false designation of Roor's trademarked "water pipes." Dkt. 1. Roor owns the trade name "ROOR" and the trademark for various different distinctive marks relating to the same. *See* Dkt. 1 ¶ 12 (listing three registered trademarks Roor owns). Roor licenses Sream, Inc. to distribute Roor's products in the United States. *See Id.* ¶ 13. Roor contends that it has continuously used and never abandoned the marks at issue in this case. *See Id.* ¶ 14.

AKS1, owned and operated by Shaikh, is a tobacco and pipe shop called King of Tobacco. *See id.* ¶ 8. In this shop, Defendants offered for sale a counterfeit Roor water pipe which bore the Roor trademark. *See id.* ¶ 25. Plaintiffs sued Defendants for trademark infringement in the present

action. *See e.g. id.* Plaintiffs served Defendants. *See* Dkt. 6. After Defendants failed to appear, Plaintiffs moved for a default judgment. *See* Dkt. 10.

**II. LEGAL STANDARD**

Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true. *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 U.S.C. § 3931(b)(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 3931(b)(2). Local Rule 5.5 requires that motions for

default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

### III. ANALYSIS

Plaintiffs served Defendants with the Complaint on November 17, 2018 via private process server. *See* Dkt. 6. Defendants never filed an answer or responsive pleading. On May 13, 2019, Plaintiffs served the motion for default judgment on Defendants via certified mail, return receipt requested as required by the Local Rules. *See* Dkt 11. Defendants failed to file an answer or responsive pleading prior to the June 3, 2019 deadline. Plaintiffs have shown that AKS1, a company, and Shaikh, an individual, are not minors, are not incompetent persons, and are not in the military. *See* Dkt. 10-2. "Because [the Defendants] ha[ve] failed to plead or otherwise defend, the court may: (1) enter default against [the Defendants]; (2) accept all well-pleaded facts in the complaint as true; and (3) if [Plaintiffs have] stated a valid claim, award [Plaintiffs] the relief [they] seek[]." *Senegal v. TAS Foods, LLC*, No. 2:18–CV–1734, 2019 WL 2568630 (Miller, J.) (quoting *Nishimatsu*, 515 F.2d at 1206).

A "trademark" is "any word, name, symbol, or device, or any combination thereof . . . used by a person, or which a person has a bona fide intention to use in commerce . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. The Lanham Act "provide[s] remedies for unfair and misleading use of trademarks." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co., Inc.*, 520 F.3d 393, 399 (5th Cir. 2008).

Plaintiffs allege violations of sections 1114 and 1125(a) of the Lanham Act.[1] The claims under 15 U.S.C. § 1114 are for trademark counterfeiting and infringement. Dkt. 12. Section 1114 prohibits using counterfeit "imitation[s] of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive," and prohibits counterfeiting "a registered mark and applying it to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce . . . ." 15 U.S.C. § 1114. Plaintiffs contend that Defendants have used Roor's trademarks in commerce. *See* Dkt. 1 at 12. Further, Plaintiffs allege that Defendants' actions have caused confusion, mistake and deception as to the source of the goods. *Id.*

The claim under § 1125 for which Plaintiffs seek a default judgment is for false designation of origin. Dkt. 10. Under 15 U.S.C. § 1125(a), a person may not use in commerce "a word, term name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that is likely to cause confusion "as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person" or misrepresents the origin of the goods, services, or commercial activities in commercial advertising or promotion. 15 U.S.C. § 1125(a). Plaintiffs contend that Defendants' promotion, sale, and/or offering for sale of the infringing products is intended to and

---

[1] Plaintiffs also allege a violation under 15 U.S.C. § 1116, which deals with equitable relief, but do not ask the court for an injunction. As such, the court will not address this claim. *Compare* Dkt. 1 at 18 (Plaintiffs requesting an injunction against Defendants) *with* Dkt. 10 (alleging a trademark counterfeiting claim under § 1116(d)(1)(B), but failing to ask the court for any kind of equitable relief).

likely to cause parties to believe the products have been authorized or sponsored, licensed, approved, or endorsed by Roor or that Defendants are somehow affiliated with Roor. *See* Dkt. 1 at 12.

These allegations are well pleaded and adequately assert claims for trademark counterfeiting, trademark infringement, and false designation of origin. Accordingly, Plaintiffs' motion for default judgment on these claims is GRANTED.

**IV. Damages**

Plaintiffs request an award of $15,000 in statutory damages plus costs of litigation. *See* Dkt. 10 at 9. With regard to statutory damages under the Lanham Act,

> [i]n a case involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . ., an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of –
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just ; or
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

Here, the affidavit submitted by Plaintiffs indicates that "at least one" water pipe bearing a resemblance to a Roor product was offered for sale on or about September 6, 2017. *See* Dkt. 10 at 8; Dkt. 10-4. Plaintiffs also include some photographs of the water pipe in question, including a close up picture of the counterfeited Roor logo. *See* Dkt. 1-6. Their affidavit alleges that one trademark —#3675839—was infringed by Defendants' conduct. *See* Dkt. 10-4. Therefore under §1117(c), the

5

court has discretion to award statutory damages for one trademark infringed on one type of good, which is "no less than $1,000 or more than $200,000." 15 U.S.C. § 1117(c).

Although the Lanham Act does not provide guidance for determining the appropriate amount of statutory damages within the statutory range, courts often find guidance under the Copyright Act. *See e.g.*, *Philip Morris USA Inc., v. Lee*, 547 F. Supp. 2d 685, 695 (W.D. Tex. April 8, 2008); *Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14–CV–192, 2016 WL 258343, at *3 (S.D. Tex. Jan. 20, 2016). "To determine the range of the award for both copyright and trademark infringement, courts have considered factors such as: 'the willfulness of the defendant's conduct, the deterrent effect of an award on both the defendant and others, the value of the copyright, whether the defendant has cooperated in providing necessary records to assess the value of the infringing material, and the losses sustained by the plaintiff.'" *Epic Tech, LLC v. Lara*, No. 4:15-CV-1220, 2017 WL 5903331, at *1 (S.D. Tex. Nov. 30, 2017) (Harmon, J.) (quoting *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013)); *see also Coach, Inc. v. Brightside Boutique*, No. 1:11-CA-20 LY, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012) (listing the following factors: "expenses saved and profits reaped"; revenue lost by the plaintiff; value of the copyright; deterrent effect on the defendant and others; willfulness; whether the defendant cooperated in providing records).

Considering these factors, the court finds that Defendants' conduct was willful. Courts have considered "whether the defendant actively defended against the infringement claims" in determining willfulness under the Lanham Act. *Philip Morris USA Inc., v. Lee*, 547 F. Supp. 2d 685, 694-95 (W.D. Tex. 2008) (identifying and using the factor in the court's consideration of willfulness). *See also In Re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 09-2047, 2018 WL 279629 (E.D. La. 2018) (citing Second Circuit precedent that a defendant's failure to appear demonstrates

willfulness).. Here, Defendants did nothing to defend against this claim. For this reason, the court finds that Defendants' conduct was willful.

Turning to the other factors and taking the facts alleged as true, the trademark is valuable. *See* Dkt. 1; Dkt. 10. According to the Plaintiffs' pleadings, the damages are "nearly impossible to determine," but include "lost . . . good-will, loss of brand reputation, confusion in the marketplace, and lost profits." Dkt. 10-4. Further, the court finds that a significant amount of damages will have the appropriate deterring effect on Defendants and future defendants. Finally, Defendants have not provided any records to assess the value of the infringing material. Because each factor weighs in favor of Plaintiffs the court finds that Plaintiffs' claim merits an award of statutory damages.

The court will now consider what amount to award Plaintiffs in this case. The court has "great latitude . . . in awarding damages under the Lanham Act." *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997). In this case, Plaintiffs requested $15,000 in statutory damages. However, in a previous and similar case, Plaintiffs requested $10,000 per water pipe trademark infringed. *See Sream, Inc. v. Khan Gift Shop, Inc.*, No. 15CV02091, 2016 WL 1130610 at *4 (S.D.N.Y. 2016) (Sream calculated its statutory damages under § 1117(c) at $10,000 per water pipe seen by its investigators). Additionally, courts in comparable cases have awarded damages near the low end of the statutory range. *See Commercial Law League of Am., Inc. v. George, Kennedy & Sullivan, LLC*, No. H-07-0315, 2007 WL 2710479 at *3 (S.D. Tex. 2007) (in a trademark infringement case, the court awarded $10,000 after finding no damage "other than [plaintiff's] attorney's fees and costs"). *See also Sream, Inc. V. Tiger Bros. Food Mart, Inc.*, No. 17-00657-BAJ-RLB, 2019 WL 2724336 at *3 (M.D. La. 2019) (in a nearly-identical case, the court found that the $15,000 requested by plaintiffs was excessive and instead awarded $2,500). Given that Sream has already accounted for a similar infringement at $10,000 and

7

there are few tangible damages pleaded, the court finds that $10,000 is reasonable and will have the appropriate punitive effect on Defendants and deterring effect on future defendants. The court AWARDS $10,000 as statutory damages under 15 U.S.C. § 1117(c).

Additionally, the Plaintiffs are entitled to recover "costs of the action" under the Lanham Act. 15. U.S.C. § 1117(a). Plaintiffs seek to recover costs of litigation which consist of a $400 filing fee, a $222.90 process server fee, and $271.65 investigation fees. *See* Dkt. 10; 10-2. "In terms of costs, generally, the Fifth Circuit does not allow those that do not fit within one of the categories listed in 28 U.S.C. § 1920." *Coach, Inc. v. J-Design Accessory, LLC*, No. 5:12-CV-98, 2013 WL 12140973 at *4 (S.D. Tex. Sept. 27, 2013) (citing *Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004)). These categories of costs include fees of the clerk, fees for transcripts, fees for printing and witnesses, dockets fees, and compensation of court-appointed experts. 28 U.S.C. § 1920. As such, Plaintiffs are entitled to recover their $400 filing fee, but not the private process server or the private investigation fees which fall outside of § 1920's categories.

## V. Conclusion

The court hereby AWARDS Plaintiffs $10,000.00 in statutory damages, which includes the damages for willful infringement, and AWARDS Plaintiffs $400.00 in costs. A final judgment will be issued concurrently with this order. The court also AWARDS post-judgment interest pursuant to 28 U.S.C. § 1961.

Signed at Houston, Texas on August 1, 2019.

Gray H. Miller
Senior United States District Judge